■ In the Matter of NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent-Appellant, v DOCTORS COUNCIL et al., Appellants-Respondents. [761 NYS2d 479] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered January 3, 2002, which, in a proceeding involving implementation of an arbitration award, inter alia, directed petitioner New York City Health and Hospitals Corporation (HHC) to reinstate respondent Dr. Clifford Scheiner to his previous position in the Department of Emergency Medicine at Kings County Hospital Center, determined that HHC's calculation of Scheiner's back pay was correct, and determined that Scheiner is not entitled to buy back his pretermination annual and sick leave balances, unanimously modified, on the law, to vacate the direction to reinstate Dr. Scheiner to the Department of Emergency Medicine, and otherwise affirmed, without costs.

This proceeding concerns the enforcement of an arbitration award determining that HHC's dismissal of Dr. Scheiner was in violation of due process and directing his reinstatement "to clinical privileges and employment" at Kings County Hospital Center. After the award was rendered, HHC assigned Scheiner to a position outside the hospital's Department of Emergency Medicine (DEM), where he had worked prior to his dismissal. In the order appealed from, the motion court improperly directed HHC to place Scheiner in a DEM position. The arbitration award does not mandate Scheiner's placement in the DEM, only that he be reinstated to the hospital staff. Accordingly, HHC has the discretion to determine the duties to which Scheiner should be assigned.

We affirm the other aspects of the motion court's order challenged on this appeal. HHC's calculation of Scheiner's back pay was properly upheld for lack of evidence substantiating Scheiner's claim that he would have received a pay raise had he not been terminated. Also properly rejected was Scheiner's demand for restoration of his pretermination annual and sick leave balances in exchange for the money that HHC paid him at the time of termination. It appears that upon reinstatement, Scheiner was credited with a substantial amount of annual leave that was not available to other doctors because of a "cap" that had been imposed in the interim, and that a calculation of the leave balances factoring in the cap would be a burdensome exercise likely to generate new controversy. Concur—Tom, J.P., Andrias, Sullivan, Rosenberger and Friedman, JJ.